COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Lox Gorme v. The State of Texas

Appellate case number:   01-12-00551-CR

Trial court case number:  1272297

Trial court:               179th District Court of Harris County

On August 28, 2012, appellant filed a letter notifying this Court that he had requested that the district clerk file a supplemental clerk's record containing the presentence investigation report in this case, and he requested that this Court order the district clerk to file said supplemental clerk's record if the district clerk failed to respond to appellant's request. On September 19, 2012, appellant filed a letter requesting that this Court order the district clerk to file a supplemental clerk's record containing State's exhibits one through five. On October 3, 2012, appellant filed a motion to extend time[1], in which appellant stated: "On September 19, 2012, Appellant requested that the record in this case be supplemented by the Court Reporter with State's Exhibit 1 through State's Exhibit 5." Neither the district clerk nor the court reporter has filed a supplemental record or notice with this Court or otherwise responded to appellant's requests.

The court reporter filed the reporter's record on September 3, 2012. The reporter's record states that five exhibits were offered by the State and admitted, including the presentence investigation report as State's Exhibit 5. Next to the description of each exhibit, however, there is a parenthetical noting that the reporter was unable to locate any of the exhibits.

Accordingly, to the extent the appellant's letter-motions request that we order the district clerk to file supplemental records with documents belonging in the reporter's record, we DENY appellant's requests. Nevertheless, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Daucie Schindler, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides

---

1      The motion was granted on October 8, 2012.

for a simultaneous compressed full motion video and interactive communication of image and sound.[2]

We direct the trial court to:

1) Determine whether the exhibits are lost or destroyed;
2) If any of the exhibits are lost or destroyed, determine whether the parties can replace those exhibits by agreement;
3) If any of the exhibits are lost or destroyed and cannot be replaced by agreement of the parties, determine whether those exhibits can be replaced with copies determined by the trial court to accurately duplicate with reasonable certainty the original exhibits;
4) Make any other findings and recommendations the trial court deems appropriate; and
5) Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 34.6(f)(4).

If any of the exhibits are able to be located or have been lost or destroyed but can be replaced by agreement of the parties or by the trial court, the court reporter shall file a supplemental exhibit volume to the reporter's record containing the located or replaced exhibits no later than 25 days from the date of this order.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Justice Terry Jennings
              ☑  Acting individually    ☐ Acting for the Court

Date: October 24, 2012

---

2       On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.